NOT DESIGNATED FOR PUBLICATION

No. 120,448

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAMPAS WILLIAM HUTCHINSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed November 27, 2019. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: Trampas William Hutchinson appeals from the district court's denial of his presentence motion to withdraw plea. On appeal, he contends that the district court abused its discretion when it denied his motion. Specifically, Hutchinson argues that he could not trust his attorney based on certain statements made to the district court during a bond hearing following the acceptance of his plea. A review of the record reveals that the district court appropriately applied the *Edgar* factors and concluded that there was not good cause for the motion to withdraw plea. Finding no abuse of discretion, we affirm the district court's decision.

1

FACTS

On October 18, 2017, the State charged Hutchinson with criminal threat, criminal damage to property, and domestic battery. As part of a plea agreement, Hutchinson agreed to plead no contest to the criminal damage to property and to a domestic battery charge in another pending case. In exchange, the State agreed to dismiss the other charges.

At a plea hearing, the district court conducted a colloquy with Hutchinson in which it advised him of his rights. The district court also determined that Hutchinson understood the charges against him; and that he voluntarily waived his right to a jury trial. Hutchinson also acknowledged that he had not been coerced or misled into accepting his plea deal. When asked by the district court if he had any complaints about the representation provided by his attorney, Hutchinson responded, "Absolutely not." Thus, the district court found him to be guilty of the amended charges and dismissed the remaining charges.

After the district court accepted Hutchinson's plea, his attorney requested that his client be released from jail and placed on bond supervision until sentencing. Concerned that his client's significant criminal history might pose an impediment, Hutchinson's attorney attempted to explain the steps that Hutchinson had taken to remove himself from prior gang activity. In so doing, the attorney noted that gang members had invaded Hutchinson's home and that Hutchinson had shot one of the intruders.

The district court denied the request that Hutchinson be released on bond supervision because his criminal history score was A and the sentence in this case was presumed imprisonment. The district court also noted that Hutchinson had a history of substance abuse issues. Following the hearing, Hutchinson filed a pro se motion to

2

withdraw his plea. Thereafter, Hutchinson's original attorney withdrew and the district court appointed another attorney to represent Hutchinson on the motion.

On March 7, 2018, the district court held a hearing on Hutchinson's motion to withdraw his plea. During the hearing, Hutchinson questioned whether he could trust the advice his attorney gave him regarding the plea agreement after hearing the statements made by counsel at the bond hearing relating to him shooting one of the gang members who had invaded his home. Specifically, Hutchinson testified:

"It was like he went from my lawyer to, like, my DA in a matter of one little sentence. It's like, whoa, I see where this is going. So behind closed doors, yes, he said rehab and probation, but we know it's ultimately up to [the court]."

Nevertheless, Hutchinson acknowledged that his attorney had done "everything he was supposed to do" and was generally adequate in representing him.

Hutchinson's original attorney also testified at the hearing. He represented to the district court that he did not mislead or coerce his client into accepting the plea agreement. Instead, the attorney testified that he had discussed the offer with Hutchinson at length prior to him accepting the plea agreement. In doing so, the attorney had reviewed Hutchinson's criminal history with him and discussed the potential sentences that might be imposed.

Regarding bringing up the shooting during the gang-related invasion of Hutchinson's home, the attorney testified that he chose to address it in "an attempt to explain that [Hutchinson] had a very rough situation as a youngster, and that he'd had some events that would have caused most people to be apprehensive . . . ." In addition, the attorney indicated that, when Hutchinson attempted to leave the gang, he was attacked by gang members in his home and "ended up shooting one of them." Although

3

the attorney recognized in hindsight that he likely should not have made the comment, he testified that "it didn't have anything to do with him entering the plea."

At the conclusion of the hearing, the district court denied Hutchinson's motion to withdraw his plea. Applying the *Edgar* factors, the district court found that Hutchinson was represented by competent counsel; that Hutchinson was not misled, coerced, mistreated, or unfairly taken advantage of; and that Hutchinson's plea was fairly and understandingly made. The district court also noted that the statements made by the attorney at Hutchinson's bond hearing were made after his plea had been accepted and the other pending charges had been dismissed.

Hutchinson subsequently filed a motion for a durational or downward dispositional departure to probation. Finding no substantial and compelling reasons to support the request for a departure, the district court denied the motion. Ultimately, the district court sentenced Hutchinson to 16 months in prison. Thereafter, Hutchinson timely filed a notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court abused its discretion when it denied Hutchinson's motion to withdraw his plea prior to sentencing. We review a district court's denial of a presentence motion to withdraw a plea for abuse of discretion. *State v. Schaefer*, 305 Kan. 581, 587, 385 P.3d 918 (2016). A district court abuses its discretion only when its action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. The party asserting such abuse—in this case Hutchinson—carries the burden. *Schaefer*, 305 Kan. at 587. Further, in determining whether the district court has abused its discretion, we are not to reweigh the evidence or assess the credibility of witnesses. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018).

4

A defendant can withdraw a plea before sentencing "for good cause shown and within the discretion of the court." K.S.A. 2018 Supp. 22-3210(d)(1). The "good cause" standard requires less than the manifest injustice standard required for a postsentence motion to withdraw a plea. *State v. Macias-Medina*, 293 Kan. 833, 836-37, 268 P.3d 1201 (2012). To determine whether good cause exists, Kansas courts consider whether (1) the defendant was represented by competent counsel; (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) the plea was fairly and understandingly made. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). These factors—commonly known as the *Edgar* factors—are "'viable benchmarks for judicial discretion'" but are not to be applied mechanically or relied on to the exclusion of other relevant factors. *State v. Garcia*, 295 Kan. 53, 63, 283 P.3d 165 (2012).

On appeal, Hutchinson limits his argument to the second *Edgar* factor. In particular, he argues that the statements made by his attorney during the bond hearing "demonstrate that counsel could not be trusted and he was, therefore, misled and coerced into entering a plea in this case." Hutchinson also argues that because of the statements made by his attorney during the bond hearing, "he could not trust anything that counsel had advised him regarding potential outcomes of his plea."

Based on our review of the record, we agree with the district court that prior to entering the plea agreement, Hutchinson participated in "a very thorough" plea colloquy. In the discussion with Hutchinson, prior to accepting the plea, the district court detailed the possible consequences of entering the plea and reviewed the possible sentences that he could receive based on his criminal history. Significantly, as the district court pointed out, Hutchinson had 25 prior convictions and was well-versed in the potential consequences of entering a plea.

Furthermore, Hutchinson represented to the district court both at the plea hearing and at the hearing on his motion to withdraw plea that he understood—prior to the entry

5

of his plea—that, although he could request a departure, the sentence he would ultimately receive would be determined by the district court. He also represented that he understood that probation was not a guarantee in light of his criminal history.

At the hearing on the motion to withdraw his plea, Hutchinson testified:

"THE COURT:  So you know you're a category A–
"THE WITNESS:  Yeah.
"THE COURT:  —you knew it was presumptive imprisonment–
"THE WITNESS:  Mm-hmm.
"THE COURT:  —you knew that you would have to file a motion for departure, and you knew that that was up to the judge.
"THE WITNESS:  Yeah.
"THE COURT:  And what [your attorney] said to you was—as far as the plea and the consequences was accurate? Is that right?
. . . .
"THE WITNESS:  . . . Yeah, everything in [the Plea Advisory is] accurate, yeah, it's dead on, yeah. Yeah."

It is also important to recognize that the same district court judge presided over the plea hearing, the bond supervision hearing, and the plea withdrawal hearing. As such, we find that the district court judge was in a better position to evaluate the testimony and to determine whether Hutchinson was misled or coerced in accepting the plea agreement. See *Macias-Medina*, 293 Kan. at 839. A review of the record reveals that the district court judge based her decision on an application of the *Edgar* factors, an evaluation of the testimony presented, and her own observations from conducting the various hearings.

Ultimately, the district court concluded:

"I find that [your attorney] did a very thorough job in representing you. He is certainly competent, as shown by the documents, and as the Court is aware, with his

6

performance over the 23 years that I've been on the bench, there is no evidence that you were misled, coerced, mistreated, or unfairly taken advantage of.

"And from the plea advisory and from your answers to the Court when the plea was being considered and prior to acceptance, I find that it was fair and understandably made, and that you understood the consequences of your plea and the nature of the charges, and so I find no good cause exists for you to withdraw your plea in these cases, and the motion is denied."

We find the evidence in the record to be sufficient to support the district court's conclusion that Hutchinson was not misled or coerced into entering into his plea agreement. Furthermore, we do not find the district court's decision to be arbitrary, fanciful, or unreasonable. Likewise, we do not find the district court's decision to be based on an error of law or fact. Accordingly, we conclude that the district court did not abuse its discretion by denying Hutchinson's presentence motion to withdraw his plea. Therefore, we affirm the district court decision and uphold his conviction.

Affirmed.